## SAMUEL D. BEACH *v.* MICHAEL McCANN.

On the day to which this action was adjourned, the justice was engaged in the trial of another cause. Upon the statement of the plaintiff that the defendant did not intend to appear, he suspended that trial, and took testimony and rendered judgment in this case. Shortly thereafter, and before the time usually allowed by the justice before entering judgment by default, the defendant appeared for the purpose of trying the cause.

*Held,* that the judgment should be reversed, the inquest having been allowed out of the usual time, in consequence of misstatements to the justice by the plaintiff.

*It seems,* that the mere fact, that the justice suspended the trial of one cause to take an inquest in the other, is no objection to the regularity of the judgment entered on such inquest.

APPEAL by defendant from a judgment of the Sixth District Court, taken by default. The facts sufficiently appear in the opinion of the court.

*William R. Stafford,* for the appellant.

*Van Antwerp and James,* for the respondent.

INGRAHAM, First Judge.—The justice, on the day to which the cause was adjourned, was engaged in the trial of a cause, which, by consent of parties, was suspended, and a judgment was rendered in this case, the defendant not appearing. He was induced to take this course, on the assurance of the plaintiff that the defendant did not intend to appear. In five minutes there-

after the defendant's counsel appeared, but whether the plaintiff had then left court or not, does not appear.

Whether or not it is regular for the justice to suspend one cause and take up another, it is not material to decide in this case, although I have no hesitation in saying that, with the assent of parties engaged in the first cause, I can see no ground of objection thereto; and such a course may tend to save time to suitors, who otherwise would be compelled to remain until the previous cause was finished. Certainly the delay of the defendant, in not attending to his cause at the time appointed, should form no ground for objecting to such a proceeding. It would be holding forth a reward to negligence or indolence.

But where such a course is induced by misstatements to the justice, I think there can be no hesitation in saying that the proceedings should be reversed. In this case the justice certifies that it was his usual practice to wait thirty minutes, but that the plaintiff informed him that the defendant did not intend to appear, and that he took the inquest in consequence before that time. The information was untrue; it led the justice to do what under other circumstances he would not have done, and the judgment rendered under such circumstances ought not to be sustained.

Judgment reversed.